# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE SCARMAZZO,<br><br>    Petitioner,<br><br>    v.<br><br>S. LANGFORD,<br><br>    Respondent. | Case No. 1:17-cv-01188-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO CATEGORIZE PETITION AS § 2255 MOTION AND TO DENY PETITIONER'S REQUEST TO REINSTATE CASE IN THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(ECF No. 10) |

Petitioner Luke Scarmazzo is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus.

On August 28, 2017, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, seeking dismissal of his criminal judgment in United States v. Scarmazzo, No. 1:06-cr-00342-LJO-1 (E.D. Cal.), "because the expenditure of funds to continue his incarceration violates § 537 and the Appropriations Clause of the Constitution of the United States." (ECF No. 2 at 18).[1] The United States District Court for the Central District of California found that that § 2255 is the exclusive means by which Petitioner may bring his claim. Consequently, the Central District transferred the petition to this Court, which has jurisdiction as the sentencing court. (ECF No. 6). See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("§ 2255 motions must be heard in the sentencing court").

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On September 14, 2017, Petitioner filed a "request[] that his case be reinstated in the Central District of California." (ECF No. 10 at 1). Petitioner argues that he "is challenging the conditions (funding) of his incarceration" and "does not consent to his case being transferred to the Eastern District[]." (Id. at 1, 2).

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez, 204 F.3d at 865. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Id. at 864. "Under the law of the case doctrine, the transferee court should not revisit the transferor court's characterization of the petition unless that characterization was clearly erroneous or would result in manifest injustice." Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) (internal quotation marks and citation omitted). Although "*some* district court must address the threshold issue whether a petition was properly brought under § 2241, it does not require *both* the transferor court *and* the transferee court to conduct a full analysis." Id. at 819.

In the instant case, the United State District Court for the Central District of California has conducted a full analysis regarding whether the petition was properly brought under § 2241. (ECF No. 6). Although Petitioner asserts that he is only challenging the "conditions (funding) of his incarceration," the Court notes that Petitioner's request for relief states: "I ask this Court to enjoin the DOJ from the continued expenditure of funds to enforce my judgment and *dismiss the said judgment*."[2] (ECF No. 1 at 8) (emphasis added). The Central District found that Petitioner's claims fall under § 2255 because "Petitioner does not challenge the manner, location, or conditions of his sentence; rather, he seeks to contest the legality of his sentence in light of recent congressional acts and Ninth Circuit law." (ECF No. 26 at 1). This determination was not clearly erroneous. Cf. Davies v. Benov, 856 F.3d 1243, 1247 (9th Cir. 2017) (considering a § 2241 petition that "challenges the execution of the sentence—because the BOP's expenditure of funds

---

[2] The conclusion of Petitioner's memorandum in support of the petition states: "Petitioner asks this court to *dismiss the judgment against him* because the expenditure of funds to continue his incarceration violates § 537 and the Appropriations Clause of the Constitution of the United States." (ECF No. 2 at 18) (emphasis added).

2

to incarcerate [petitioner] unlawfully contravenes the appropriations rider—and does not challenge the legality of the sentence itself" or "ask[] that his sentence be vacated").

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's request to reinstate the case to the Central District of California (ECF No. 10) be DENIED; and

2. The petition be categorized as a § 2255 motion in <u>United States v. Luke Scarmazzo</u>, Case No. 1:06-cr-00342-LJO-1.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 29, 2017**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE