# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE SCARMAZZO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. LANGFORD,<br><br>　　　　　Respondent. | Case No. 1:17-cv-01188-LJO-EPG-HC<br><br>ORDER DENYING AS MOOT PETITIONER'S REQUEST TO FILE AMENDED PETITION (ECF No. 15)<br><br>ORDER GRANTING PETITIONER'S REQUEST TO REINSTATE CASE TO THE CENTRAL DISTRICT OF CALIFORNIA (ECF No. 10)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Petitioner Luke Scarmazzo is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus.

**I.**

**BACKGROUND**

Petitioner is confined at the Federal Correctional Institution in Victorville, California, which is located within the Central District of California. On August 28, 2017, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, challenging his incarceration and seeking dismissal of his criminal judgment in United States v. Scarmazzo, No. 1:06-cr-00342-LJO-1 (E.D. Cal.), "because the expenditure of funds to continue his incarceration violates § 537 and the Appropriations Clause

of the Constitution of the United States." (ECF No. 1; ECF No. 2 at 18).[1] The United States District Court for the Central District of California found that that § 2255 is the exclusive means by which Petitioner may bring his claim and transferred the petition to this Court. (ECF No. 6).

On September 14, 2017, Petitioner filed a request that the case be transferred back to the Central District of California, arguing that he "is challenging the conditions (funding) of his incarceration" and "does not consent to his case being transferred to the Eastern District[]." (ECF No. 10 at 1, 2). On September 29, 2017, the Magistrate Judge issued findings and recommendation to categorize the petition as a § 2255 motion and to deny Petitioner's request to transfer the case back to the United States District Court for the Central District of California. (ECF No. 12). On October 4, 2017, Petitioner filed a motion to request further judicial review of the Central District's transfer order. Petitioner also sought leave to file an amended petition. (ECF No. 15). On October 25, 2017, Petitioner filed objections to the findings and recommendation with an amended petition attached thereto. (ECF No. 16).

## II.

## DISCUSSION

### A. Amendment

The Ninth Circuit has held that "Federal Rule of Civil Procedure 15(a), which allows litigants to amend their pleadings once 'as a matter of course' before a responsive pleading has been filed, applies to habeas corpus actions." Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000). No responsive pleading has been filed in the instant case, and thus, Petitioner is entitled to amend his pleading once as a matter of course. Accordingly, the Court denies as moot Petitioner's request for leave to amend and will consider Petitioner's amended petition.[2]

### B. Jurisdiction

A district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] In light of the amended petition, the Court finds that review of the findings and recommendation issued on September 29, 2017 regarding the original petition is not necessary. In the interest of judicial efficiency, the Court will undertake the jurisdictional analysis of the amended petition without referring the matter to the Magistrate Judge.

2

Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Id. at 867.

In the instant case, the United State District Court for the Central District of California summarized the original petition as follows: Petitioner "alleges that his continued incarceration is unlawful because congressional appropriations enacted postconviction prohibit the Department of Justice from using appropriated funds to prosecute crimes related to state-sanctioned marijuana activities." (ECF No. 6 at 2). The Central District found that Petitioner's claims fall under § 2255 because "Petitioner does not challenge the manner, location, or conditions of his sentence; rather, he seeks to contest the legality of his sentence in light of recent congressional acts and Ninth Circuit law." (ECF No. 6 at 1). The Central District also found that Petitioner could not proceed pursuant to § 2241 on the basis that the remedy available under § 2255 was "inadequate or ineffective to test the validity of his detention," 28 U.S.C. § 2255(e), because "Petitioner has not made a claim of actual innocence or alleged that he has not had an unobstructed procedural shot at presenting that claim." (ECF No. 6 at 2).

"Under the law of the case doctrine, the transferee court should not revisit the transferor court's characterization of the petition unless that characterization was 'clearly erroneous' or would result in 'manifest injustice.'" Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 & n.5 (1988)). The Court also "may have discretion to depart from the law of the case where . . . other changed circumstances exist." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). Here, the Court finds that a changed circumstance exists in light of the amended petition wherein Petitioner clarifies in pertinent part:

> Mr. Scarmazzo is not challenging his conviction or his sentence. He will remain a felon in the eyes of the law, with all the direct and collateral consequences that status imposes. Unlike Mr. Scarmazzo's imprisonment, however, those consequences cost the DOJ nothing and therefore comply with the Appropriations Clause. The same cannot be said of the execution of his sentence. Without

3

> funds to execute Petitioner's sentence he is being held in custody in violation of the Constitution and this petition must be granted.

(ECF No. 16 at 12).

The Court finds <u>Davies v. Benov</u>, 856 F.3d 1243 (9th Cir. 2017), to be instructive. The petitioner in <u>Davies</u> brought a challenge similar to the one in the instant case, "contending that a congressional appropriations rider prohibits the Bureau of Prisons (BOP) from using federal funds to incarcerate him and seeking release from custody to remedy the wrongful expenditure." <u>Davies</u>, 856 F.3d at 1245. The district court found that the challenge was properly brought pursuant to 28 U.S.C. § 2241. <u>Davies v. Benov</u>, No. 1:15-cv-00275 MJS (HC), 2015 WL 5813640, at *1 (E.D. Cal. Sept. 30, 2015). On appeal, the parties did not dispute, and the Ninth Circuit did not disturb, this determination. Opening Brief of Petitioner-Appellant & Answering Brief of Respondent-Appellee, <u>Davies</u>, 856 F.3d 1243 (No. 15-17256). The Ninth Circuit noted the petitioner's contention that he "challenges the execution of the sentence—because the BOP's expenditure of funds to incarcerate him unlawfully contravenes the appropriations rider—and does not challenge the legality of the sentence itself." <u>Davies</u>, 856 F.3d at 1247. The Ninth Circuit appeared to recognize a distinction between the petitioner's "challenges to the execution and conditions of his sentence" and challenges "to the legality of his sentence," but ultimately found that the plea agreement collateral-attack waiver provision encompassed both types of challenges. <u>Id.</u>

Based on the foregoing, the Court finds that the amended petition challenges the execution of Petitioner's sentence and is properly brought under 28 U.S.C. § 2241. Therefore, this Court is without jurisdiction as it is not the custodial court. See <u>Hernandez</u>, 204 F.3d at 867 ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to file an amended petition (ECF No. 15) is DENIED AS MOOT;

4

2. Petitioner's request to reinstate the case to the United States District Court for the Central District of California (ECF No. 10) is GRANTED; and

3. This action is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: **November 16, 2017**        **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE